986 F.2d 1428
 2 A.D. Cases 880
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ivan C. REEDER, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General of the United States,
authorized representative of the United States
Postal Service, Defendant-Appellee.
 No. 92-4055.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ivan C. Reeder is an employee of the United States Postal Service. After twice applying for and failing to receive a promotion, Reeder brought this suit against Anthony M. Frank, Postmaster General of the United States. In his lower court complaint, Reeder alleged causes of action for violation of §§ 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794; for violation of the Postal Reorganization Act, 39 U.S.C. §§ 1001(b), 1103(b); and for breach of an implied employment contract and implied covenant of good faith and fair dealing. The district court granted summary judgment for the Postal Service on all of Reeder's claims. On appeal, Reeder contests only the disposition of the claims under the Rehabilitation Act. Reeder argues that summary judgment was improper for these claims because a genuine issue of material fact exists as to the § 501 claim and because the Tenth Circuit law precluding Reeder's § 504 claim is incorrectly decided.
 
 
 3
 As to Reeder's § 501 claim, we affirm for substantially the reasons given by the district court the conclusion that Reeder did not qualify as a handicapped person under the Act. See Memorandum Decision at 16-26. Because Reeder's § 504 claim also requires an initial determination that the individual is handicapped, we dismiss as moot Reeder's request to reconsider our decision in Johnson v. United States Postal Service, 801 F.2d 1475 (10th Cir.1988), cert. denied, 439 U.S. 811 (1989).
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3